IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SALVATORE PALMA, JR., *ET AL*, ) | |
| ) | Case No. 1:18-cv-00294 |
| Plaintiffs, ) | |
| ) | Judge Dan Aaron Polster |
| v. ) | |
| ) | <u>ORDER</u> |
| ASHTABULA COUNTY, *ET AL*, ) | |
| ) | |
| Defendants. ) | |

Before the Court are the parties' pre-trial motions in limine.  On May 8, 2023, the parties filed four motions in limine.  The defendants filed three motions in limine: to Exclude Plaintiffs' Expert Testimony on Legal Conclusions Relating to Excessive Force (ECF Doc. 73); to Exclude Evidence of Insurance Coverage (ECF Doc. 74); and to Exclude Evidence of Melissa Palma's Alleged Damages under the Wrongful Death Statute (ECF Doc. 75).  The plaintiffs filed one motion in limine that "seeks to exclude the introduction of 20 categories of evidence."  ECF Doc. 77.  On May 12, 2023, the Court held an in-person mediation conference with all parties and their respective counsel.  The Court did not require either party to submit written responses or replies prior to the conference.  During the conference, the Court heard the parties' arguments, and the Court made the following oral rulings:

<u>Defendants' Motions in Limine</u>

- The defendants' motion to Exclude Plaintiffs' Expert Testimony on Legal Conclusions Relating to Excessive Force (ECF Doc. 73) is **moot**.  No witness is permitted to testify to legal conclusions or the ultimate issue in this case: whether Officer Johns's use of force was reasonable or unreasonable.  The parties agreed.  The parties may present evidence on the accepted use of force standards and whether Officer Johns followed these standards.

1

- The defendants' motion to Exclude Evidence of Insurance Coverage (ECF Doc. 74) is **moot**. The plaintiffs agreed that evidence of the defendants' insurance coverage is irrelevant and indicated that they do not intend to elicit testimony on this matter.

- The Court **reserves ruling** on the defendants' motion to Exclude Evidence of Melissa Palma's Alleged Damages under the Wrongful Death Statute (ECF Doc. 75). If the plaintiffs dismiss their state claims, this issue will be moot. If not, the plaintiffs must file a response by *12:00 pm on Friday, May 19, 2023*. The defendants must file a reply by *12:00 pm on Wednesday, May 24, 2023*. Accordingly, the Court reserves ruling on this matter.

Plaintiffs' Motion in Limine

- Category 1: The Court **reserves ruling** on the plaintiffs' motion to exclude references or mention of Vincent Palma's past conduct, including criminal conduct. The Court ordered additional briefing on the admissibility of Vincent Palma's psychiatric history. On May 15, 2023, the Court received the defendants' response via email correspondence. The defendants identified the evidence that they seek to introduce regarding Vincent Palma's psychiatric history and their theory of admissibility. The plaintiffs are directed to file a reply by *12:00 pm on Wednesday, May 17, 2023*.

- Category 2: The Court **grants** the plaintiffs' motion to exclude opinion testimony and evidence from other officers, investigators, or witnesses that opine on legal conclusions or the ultimate issue in this case.

- Category 3: The Court **denies** the plaintiffs' motion to exclude reference or mention of Deputy Johns' opinions, beliefs, or conjectures. Officer Johns can testify to what he observed, what actions he took, and why he took those actions.

- Category 4: The Court **denies** the plaintiffs' motion to exclude arguments or evidence concerning post-incident interactions with the plaintiffs. The plaintiffs' prior statements may be relevant to impeach their trial testimony.

- Category 5: The Court **denies** the plaintiffs' motion to exclude testimony or documentary evidence created by any lay witness, including Melissa Palma, Sal Palma, and Alisha Palma regarding the reasonableness of Defendant Johns's use of force. No lay witness may testify to legal conclusions or the ultimate issue in this case. The plaintiffs' contemporary statements may be admissible for impeachment, as they go to credibility.

- Category 6: The plaintiffs' motion to exclude the fact that Defendant Johns was not indicted criminally by the Ohio Attorney General or prosecuted by any charging authority is **moot**. The defendants agreed that this was not relevant and indicated that they do not intend to elicit testimony on this matter.

- Category 7: The Court **denies** the plaintiffs' motion to exclude evidence of promotions, commendations, or awards given to Defendant Johns. Officer Johns may testify to his relevant job history and the timeline of his promotions, including the fact that he was promoted to the rank of Sergeant in 2017.

- Category 8: The Court **denies** the plaintiffs' motion to exclude any reference or discussion of the so-called "reactionary gap." Witnesses may testify to the distance that they observed and perceived between Officer Johns and Vincent Palma during the incident.

- Category 9: The Court **grants** the plaintiffs' motion to exclude the defendants' retained expert James J. Scanlon's opinions that invade the province of the jury and misstate the record. No expert witness can opine on legal conclusions or the ultimate issue in this case.

- Category 10: The Court **grants** the plaintiffs' motion to exclude any reference or suggestion that Vincent Palma consumed drugs or alcohol prior to his death.

- Category 11: The plaintiffs' motion to exclude evidence of when the plaintiffs first consulted with counsel or filed suit is **moot**.  The defendants agreed that this was not relevant and indicated that they do not intend to elicit testimony on this matter.

- Category 12: The plaintiffs' motion to exclude evidence of contributory fault is **moot**.  The defendants agreed that this was not relevant and indicated that they do not intend to elicit testimony on this matter.

- Category 13: The plaintiffs' motion to exclude litigation lottery references is **moot**.  The defendants agreed that this was not relevant and indicated that they do not intend to elicit testimony on this matter.

- Category 14: The plaintiffs' motion to exclude statements or arguments that attempt to improperly equate a verdict in this case with a criminal conviction is **moot**.

- Category 15: The Court **denies as moot** the plaintiffs' motion to exclude statements that a judgement may adversely affect the jury and other references appealing to the jury's self-interest.  Public policy arguments are neither relevant nor admissible in this case.

- Category 16: The plaintiffs' motion to exclude arguments or evidence concerning the defendants' financial status or ability to satisfy a judgement is **moot**.  Evidence and arguments pertaining to this line of questioning are irrelevant.

- Category 17: The plaintiffs' motion to exclude derogatory comments about the plaintiffs accessing the courts or references to the plaintiffs' counsels' practices is **moot**.  Evidence and arguments pertaining to this line of questioning are irrelevant.

- Category 18: The plaintiffs' motion to exclude witnesses' criminal arrest records that do not comply with Federal Rules of Evidence 608 and 609 is **moot**.  Prior to mentioning a witness's criminal arrest record in open court, both parties will first inform the Court of its intention to do so.  There will be no mention of criminal arrest records during opening statements or cross examination without first advising the Court.

- Category 19: The Court **declines to rule** on the plaintiffs' motion to exclude testimony on cross-examination that goes beyond the subject matter of direct examination.  The Court will rule on such objections at trial.

Date: May 15, 2023

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge